IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANKLIN WRIGHT, | § | |
| | § | |
| Defendant Below, | § | No. 268, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1607007843 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: January 7, 2022
Decided: February 17, 2022

## ORDER

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Franklin Wright, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence. After careful consideration of the parties' arguments, we conclude that Wright's habitual offender sentence is not illegal and that the judgment of the Superior Court should be affirmed.

(2) On July 12, 2017, a Superior Court jury found Wright guilty of possession of a firearm by a person prohibited ("PFBPP"), possession of ammunition

by a person prohibited ("PABPP"), carrying a concealed deadly weapon (firearm) ("CCDW"), and several drug and traffic offenses. Wright committed these crimes on July 11, 2016. On March 5, 2018, the State filed a motion to declare Wright an habitual offender under 11 *Del. C.* § 4214(c). The motion identified three prior felony convictions—aggravated menacing in 1999, CCDW in 2001, and CCDW in 2006. Wright's counsel admitted that Wright had the necessary predicate convictions and that he had no good faith basis to oppose the motion.

(3) The Superior Court granted the motion to declare Wright an habitual offender and sentenced Wright as follows: (i) for PFBPP, as an habitual offender under § 4214(c), fifteen years of Level V incarceration; (ii) for CCDW, as an habitual offender under § 4214(c), eight years of Level V incarceration; (iii) for PABPP, one year of Level V incarceration, suspended for decreasing levels of supervision; (iv) for each count of possession of a controlled substance, one year of Level V incarceration, suspended for one year of Level II probation; (v) for possession of drug paraphernalia, a fine of $100.00; and (vi) for failure to signal, a fine of $75.00. This Court affirmed on direct appeal.[1] Subsequently, this Court affirmed the Superior Court's denial of Wright's first motion for postconviction relief.[2]

---

[1] *Wright v. State*, 2018 WL 6031433 (Del. Nov. 15, 2018).
[2] *Wright v. State*, 2020 WL 5883455 (Del. Oct. 2, 2020).

(4)    On June 15, 2021, Wright filed a motion for correction of an illegal sentence. He argued that his 2006 conviction for CCDW (a knife) could not be a predicate violent felony for habitual offender sentencing because CCDW (a knife) was not a violent felony under 11 *Del. C.* § 4201(c) at the time he committed that crime. The Superior Court denied the motion, holding that the motion was time-barred under Superior Court Criminal Rule 35(b) and that the State's habitual-offender motion had identified three felony convictions, including the violent felony of aggravated menacing. This appeal followed.

(5)    After Wright filed his opening brief, the State filed a motion to affirm. The State argued that Wright had three prior felony convictions—including aggravated menacing, a violent felony under 11 *Del. C.* § 4201(c)—and that "[u]nder Section 4214(c) (2016), a court could sentence a defendant as an habitual offender on a Title 11 violent felony offense if he had previously been convicted of two felonies and one of the violent felonies listed in 11 *Del. C.* § 4201(c)."[3] This Court denied the motion to affirm, noting that the State relied on a version of Section 4214 that went into effect after Wright's commission of the crimes on July 11, 2016. The version of Section 4214 that was in effect at the time of Wright's crimes differed substantially from the version on which the State relied upon in its motion to affirm. The Court directed the State to address in its answering brief: (i) which version of

---

[3] Motion to Affirm at 3.

Section 4214 applied; and (ii) whether Wright was legally sentenced under that provision.

(6)     In its answering brief, the State admits that Wright was sentenced under the wrong version of Section 4214, but argues that this does not render Wright's sentence illegal because he was subject to the same habitual offender sentence under the version of Section 4214 in effect at the time of his July 11, 2016 crimes.  Wright has not filed a reply brief or responded to the State's position.

(7)     We review the denial of a motion for sentence correction for abuse of discretion.[4]  We review questions of law *de novo*.[5]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]  Wright and the State agree that his motion for correction of illegal sentence was not subject to the ninety-day time bar in Rule 35(b) because he challenged the legality of his sentence under Rule 35(a), which may be done at any time.[7]

---

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[7] Super. Ct. R. 35(b) ("The court may correct an illegal sentence at any time….").

(8) According to the State, the Superior Court sentenced Wright under the version of Section 4214 in effect from July 19, 2016 to April 12, 2017.[8] At that time, Section 4214(c) provided:

> Any person who has been 2 times convicted of a felony under the laws of this State, and/or any other state, United States or any territory of the United States, and 1 time convicted of a Title 11 violent felony, or attempt to commit such a violent felony, as defined in § 4201(c) of this title under the laws of this State, and/or any comparable violent felony as defined by another state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent Title 11 violent felony, or attempt to commit such a violent felony, as defined by § 4201(c) of this title, shall receive a minimum sentence of the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal, up to life imprisonment, unless the felony conviction allows and results in the imposition of capital punishment.[9]

The State's habitual offender motion identified Wright's prior felony convictions as aggravated menacing in 1999, CCDW (a firearm) in 2001, and CCDW (a knife) in 2006. Section 4201(c) has designated aggravated menacing has a violent felony since 1996.[10] Section 4201(c) has also PFBPP (violent felon) and CCDW (firearm offense) as violent felonies.[11] Thus, a defendant subject to the version of Section 4214(c) in effect from July 19, 2016 to April 12, 2017 would face: (i) a minimum

---

[8] Answering Brief at 9.

[9] 11 *Del. C.* § 4214(c) (effective July 19, 2016 to April 12, 2017).

[10] 70 *Del. Laws,* c. 477, § 1.

[11] 11 *Del. C.* § 4201(c) (2015) (listing Sections 1442 (CCDW—firearm offense) and 1448(e) (PFBPP—violent felon) as violent felonies).

5

sentence of fifteen years at Level V up to life imprisonment for PFBPP (violent felon);[12] and (ii) a minimum sentence of eight years at Level V up to life imprisonment for CCDW (firearm offense).[13]

(9) This version of Section 4214 was not in effect at the time Wright committed PFBPP (violent felon) and CCDW (firearm offense) on July 11, 2016. The State admits that Wright should have been sentenced under the version of Section 4214 in effect when he committed the crimes for which he was being sentenced.[14] On July 11, 2016, Section 4214(c)—the subsection that the State relied upon in its motion to declare Wright an habitual offender—provided:

> Any person who has been convicted for an offense which occurred within this State prior to July 1, 1973, of any of the hereinafter enumerated crimes shall be considered as having been convicted previously of the crimes specified in subsection (b) of this section for purposes of the operation of this section and § 4215 of this title. Any person convicted under the laws of another state, the United States or any territory of the United States of any felony the same as or equivalent to any of the above or hereinafter named felonies is an habitual offender for the purposes of this section and § 4215 of this title….[15]

---

[12] 11 *Del. C.* § 1448(c) (providing since July 18, 2013 that PFBPP is a class C felony if the person is eligible for sentencing under Section 1448(e)); 11 *Del. C.* § 4205(b)(3) (2015) (providing that the maximum sentence for a class C felony is fifteen years at Level V).

[13] 11 *Del. C.* § 1442 (providing since June 29, 2010 that CCDW (firearm) is a class D felony); 11 *Del. C.* § 4205(b)(4) (2015) (providing that the maximum sentence for a class D felony is eight years at Level V).

[14] Answering Brief at 4, 6, 9. *See also Curry v. State,* 2017 WL 4679788, at *1 (Del. Oct. 17, 2017) (holding that the trial court erred by relying on the 2016 version of Section 4214(d) to sentence the defendant for offenses that he committed in 2015); *Ingram v. State*, 2014 WL 7010667, at *1 (Del. Dec. 9, 2014) (concluding that the defendant was properly sentenced under the version of 16 *Del. C.* § 4763 in effect at the time of his crime).

[15] 11 *Del. C.* § 4214(c) (effective July 3, 2013 to July 18, 2016).

(10)   The State does not contend that this subsection has any applicability to Wright.  Instead, the State relies upon Section 4214(a), which provided in relevant part:

> Any person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted. Notwithstanding any provision of this title to the contrary, any person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.[16]

The State's habitual offender motion identified three prior felony convictions. Wright's counsel admitted that Wright had the predicate convictions.  Although Wright has argued that the 2006 CCDW (a knife) conviction was not a violent felony, he has not claimed that any of the convictions identified in the habitual offender motion, including the 2006 CCDW conviction, were not felonies.

(11)   As the State also emphasizes, Wright faced the same sentencing range under Section 4214(a) that the wrong version of Section 4214(c) identified in the

---

[16] *Id.* § 4214(a).

7

habitual offender motion provided for: (i) a minimum sentence of fifteen years at Level V up to life imprisonment for PFBPP (violent felon); and (ii) a minimum sentence of eight years at Level V up to life imprisonment for CCDW (firearm offense).[17] The Superior Court sentenced Wright under the wrong version of Section 4214 to the same minimum sentence he faced under the correct version of Section 4214—fifteen years of Level V for PFBPP (violent felon) and eight years of Level V incarceration for CCDW (firearm offense).

(12) Under these circumstances, Wright's habitual offender sentence is not illegal. The habitual offender motion provided a sufficient basis to declare Wright an habitual offender under the correct version of Section 4214. Wright did not (and does not) dispute the existence of the three prior felony convictions identified in the habitual offender motion.[18] Wright faced the same sentencing range under the wrong version of Section 4214 that he faced under the correct version of Section 4214, and he was sentenced to the same minimum sentence as an habitual offender. Wright has not shown that the habitual offender sentence exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to

---

[17] *Compare* 11 *Del. C.* § 4214(a) (effective July 3, 2013 to July 18, 2016 ) *with* 11 *Del. C.* § 4214(c) (effective Apr. 13, 2017 to July 10, 2018). *See also supra* nn. 13-14.

[18] This case is unlike *Curry* where we vacated an habitual offender sentence imposed under the wrong version of Section 4214 because that habitual offender motion did not identify the predicate convictions that the State tried to rely upon during the appeal to uphold the sentence under the correction version of Section 4214. 2017 WL 4679788, at *1.

be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or not authorized by the judgment of conviction. We therefore affirm the Superior Court's denial of Wright's motion for correction of illegal sentence, albeit on grounds different than those relied upon by the Superior Court.[19]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
___Chief Justice

---

[19] *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).